**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**NATASHA COPELAND,**

      **Plaintiff,**

**-vs-**                **Case No.  A-10-CA-338-SS**

**CITY OF KILLEEN AND ADAM ORTIZ,
EMPLOYEE OF CITY OF KILLEEN POLICE
DEPARTMENT,
INDIVIDUALLY AND JOINTLY,**

        **Defendants.**

_____

**O R D E R**

   BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Transfer Venue [#4], and Plaintiff's response thereto [#8]. Having considered the motion, the response, the applicable law, and the case file as a whole, the Court enters the following order.

**Background**

**I.  Procedural History**

   Plaintiff Natasha Copeland ("Plaintiff") filed suit against Defendants City of Killeen and Adam Ortiz ("Defendants") on May 19, 2010 in this Court, pursuant to 42 U.S.C. § 1983. Pl.'s Mot. [#1] at 1. Defendants filed an answer on June 7, 2010, alleging Plaintiff had failed to state a claim on which relief could be granted and requesting a venue transfer to the Waco Division of the Western District of Texas. Defs.' Answer [#5] at 1; *Id.* at 2, ¶ 5. Defendants concurrently filed a motion to transfer venue to the Waco Division. *See* Defs.' Mot. to Transfer [#4]. Plaintiff

responded to Defendants' motion on June 18, 2010, asking the Court to retain the case in lieu of granting a transfer. *See* Pl.'s Resp. [#8].

## II.    Allegations of the Parties

The crux of Plaintiff's complaint is her allegation Defendant Ortiz used excessive force on her during an arrest on May 23, 2008, in Killeen, Texas.[1]  The parties are in dispute about many of the facts underlying Plaintiff's claim. *See* Pl.'s Mot; Defs.' Answer.  Plaintiff alleges her son had returned home from school earlier on May 23, with some bumps and bruises which he attributed to a fight with some classmates.  Pl.'s Mot. at 2.  Plaintiff and her son decided to confront these classmates at home. *Id.*  At some point after Plaintiff and her son arrived at the classmates' residences, the police were called. *See* Defs.'s Mot. at Incident Report 1, p. 2.  Defendant Ortiz responded to the call, and both parties admit Ortiz eventually arrived at the location where Plaintiff, her son, and the classmates were.

Plaintiff claims Defendant Ortiz rushed at her son without identifying himself, and that she could not see clearly because she was not wearing her glasses.  Pl.'s Mot. at 2.  She contends her injuries resulted from Defendant Ortiz knocking her to the ground "suddenly and without warning," and twisting her injured arm behind her back before pepper-spraying her, handcuffing her, and placing her in custody. *Id.*  Plaintiff alleges Defendant Ortiz used unreasonable and excessive force during the arrest in violation of her constitutional and civil rights under 42 U.S.C. § 1983.  Pl.'s Mot. at 3.  She requests $2,000,000 in damages as well as reasonable attorney's fees and all other relief the Court deems appropriate.  Pl.'s Mot. at 4.

---

[1] The City of Killeen has been joined as a defendant because Defendant Adam Ortiz is a police officer with the Killeen Police Department and was acting within the scope of his employment at the time of the arrest. *See* Pl.'s Mot.; Defs.' Answer.

Defendants deny knowledge of any facts before Defendant Ortiz arrived at the scene of the incident, though they concede Ortiz did pepper-spray and handcuff Plaintiff "due to her refusal to obey lawful orders." Defs.' Answer at 2. Defendants also deny using any unreasonable or excessive force. *Id.* Defendants move to transfer the case from the Austin Division to the Waco Division.

### Discussion

I.     **Defendants' Motion to Transfer Venue [#4]**

A.     **Legal Standard for Transfer under 28 U.S.C. § 1404**

Defendants argue transfer to the Waco Division is proper under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). According to the Supreme Court, "the statute is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer'" under § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313-15 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

The preliminary question in a motion for transfer of venue is whether the suit could have been filed originally in the destination venue. *Id.* at 312. After determining the suit could have been filed in the destination venue, the Court must next focus on whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).

-3-

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 204 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 248 (1981)).  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*   Although these factors—often referred to as the *Gilbert* factors—are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive;" indeed, the Fifth Circuit has noted that "none...can be said to be of dispositive weight." *In re Volkswagen of Am., Inc.*, 545 F.3d at 313-15 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).  Despite the wide array of private and public concerns, a court must make a "flexible and individualized analysis" in ruling on a motion to transfer venue.  *Ricoh Corp.*, 487 U.S. at 29.

## B.      Venue Facts and Analysis

Defendants contend transfer from the Austin Division to the Waco Division would be for the convenience of the parties and witnesses and in the interest of justice, and is particularly appropriate in this case because the lawsuit has no real connection with Austin, the Plaintiff's "chosen forum,"[2] and Austin is not the most convenient venue for the parties and witnesses.

---

[2] Although Defendants use the word "forum," the issue in dispute is not the appropriate forum but the appropriate venue.

In her response, Plaintiff argues "a basis for transfer to the Waco Division is lacking."  Pl.'s Resp. at 1.  However, the **only** evidence Plaintiff attaches in support of her response is her own affidavit and the affidavit of one Peggy Scarbrough.[3]  Plaintiff states under oath that she lives in Killeen, Texas, within the Waco Division.  *See* Copeland Aff. at 1.  Plaintiff claims she filed the lawsuit in Austin because she is "more familiar" with Austin than Waco, and because at the time of the incident giving rise to this suit she was employed as an ambulance driver in Austin (and commuted to work from Killeen).  *Id.*  Apparently, she is no longer so employed.  Plaintiff also states "it is only six miles further to the Austin Federal Courthouse" from Killeen than the Waco federal courthouse, and that travel time to the Austin federal courthouse is only three minutes longer.  *Id.* She makes the unsupported assertion that travel by "Austin witnesses" to Waco will be "very difficult indeed," but does not identify which witnesses, if any, she plans to call who are Austin residents.  *Id.*   In her response, Plaintiff concedes all the parties reside or work in Killeen, and she agrees the incident giving rise to the complaint occurred in Killeen.  Pl.'s Resp. at 2.

Neither party contests the case could have been originally filed in the Waco Division under 28 U.S.C. § 1391, the general venue statute.  It is undisputed all the parties are residents of Killeen, which is located within the Waco Division, and it is clear based on the record before the Court that all of the events giving rise to the claim occurred in Killeen.  Because neither party disputes the case could have properly been brought in the Waco Division, the Court turns to consideration of the public and private factors detailed above.

---

[3]Scarbrough's affidavit simply states she has measured the distance from the Killeen Police Department to the Austin federal courthouse and found it to be 53 miles, with a travel time of one hour and six minutes. Scarbrough Aff. at 1.  She also states she measured the distance from the Killeen Police Department to the Waco federal courthouse and found it to be 49.8 miles, with a travel time of one hour and four minutes.  *Id.*  This testimony has absolutely no relevance to any factor which the Court is directed to consider in ruling on the motion to transfer venue, and the Court therefore disregards Scarbrough's testimony as irrelevant.

### (1)    *Private Factors*

Taking the private interest factors in turn, the Court first considers the relative ease of access to sources of proof.  *In re Volkswagen AG*, 371 F.3d at 203.  Defendants submit, along with their motion to transfer, several pertinent records which will be used in trial, including the affidavit of Defendant Ortiz, various incident reports, Plaintiff's arrest report, and witness statements regarding the events on May 23, 2008.  *See* Defs.' Mot., Attachments.  Defendant Ortiz states under oath in his affidavit that the records in question are all located in Killeen, Texas.  Ortiz Aff. at 1.  Defendants also submit evidence (in the form of Ortiz's affidavit) that the eyewitnesses to the incident are residents of Killeen and are all located in Bell County.  Ortiz Aff. at 1.  Finally, the parties agree all of the parties to the case reside or work in the City of Killeen.  Defs.' Mot. at 4.

In her response, Plaintiff claims certain witnesses who are residents of Austin will be "essential and necessary" to her case, and therefore the suit should not be transferred to Waco.  Pl.'s Resp. at 2.  However, she does not support this assertion with any evidence (such as a sworn statement), nor does she specifically identify the witnesses or any relevant testimony they might offer.  *Id.*  Without more information about who the potential witnesses are, Plaintiff's conclusory statements are far too vague to factor into the Court's analysis.  *See, e.g. Woods v. Volpini*, 2010 WL 2521023 at *5 (S.D. Tex. 2010) (finding a party may not rely solely on the conclusory assertion that witnesses are located in a certain area without identifying the witnesses by name).  Furthermore, Plaintiff offers no proof there are any relevant records located outside the Waco Division.

Thus, the Court finds without hesitation that access to sources of proof would be much more convenient if the case were transferred to the Waco Division, as the only identified records

pertaining to the dispute and the only identified witnesses are all located in Killeen, within the Waco Division, and all the parties reside there.

Second, the Court examines the availability of compulsory process to secure the attendance of witnesses. *In re Volkswagen AG*, 371 F.3d at 203. As Defendants state, most of the potential witnesses reside in Killeen, so subpoenaing those witnesses and securing their attendance in court in Waco would be relatively uncomplicated. Defs.' Mot. at 2. Plaintiff, meanwhile, alleges the Waco Division would have to undertake extra court proceedings to compel the attendance of any witnesses from Austin at a trial in Waco, because Waco is more than 100 miles from those witnesses' residences or places of business. Pl.'s Resp. at 2. However, because Plaintiff does not specifically name any of the witnesses in question, or give any detail as to the content of their testimony, these witnesses carry no weight in the Court's transfer analysis. The Court therefore finds the availability of compulsory process also weighs in favor of transfer, as Killeen—where all of the identifiable witnesses reside—is within the subpoena power of a court in the Waco Division.

Third, the Court considers the cost of attendance for willing witnesses. *In re Volkswagen*, 371 F.3d at 203. The Fifth Circuit has held it is an "obvious conclusion" that it is more convenient for witnesses to testify close to home, as witnesses to a trial suffer not only monetary costs, but "the personal costs associated with being away from work, family, and community." *In re Volkswagen*, 545 F.3d 304, 317 (5th Cir. 2008). Although Plaintiff mentions the personal inconvenience she will suffer if the case is transferred out of the Austin Division, she concedes the Waco courthouse is closer to her residence than the Austin courthouse. *See* Pl.'s Resp. at 2. Furthermore, Plaintiff's assertion that Killeen is almost as close to Austin as it is to Waco is irrelevant—what matters is that Austin is in the Austin Division of the Western District, whereas both Waco and Killeen are in the

Waco Division of the Western District.  No other willing witness has been identified who claims he or she would be more inconvenienced by traveling to Waco than to Austin, and therefore the Court finds this factor weighs in favor of transfer.

Finally, the Court examines "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen AG*, 371 F.3d at 203.  As the Court has stated numerous times, it is undisputed all the parties reside and work in Killeen.  Defs.' Mot. at 2-3; Pl.'s Resp. at 2.  Although Plaintiff states in her affidavit that she worked in Austin at the time of the incident, she offers no plausible reason why her former employment should factor into the convenience of bringing suit in Austin as opposed to Waco, when it is undisputed she currently resides in Killeen (and did so at the time of the incident).  Pl.'s Resp. at 1.  And though Plaintiff claims she is more familiar with Austin than with Waco, mere familiarity with a particular city is not a dispositive factor for bringing a suit in that particular venue.  Plaintiff is a resident of Killeen and therefore resides within the Waco Division.  *Id.* at 2.  As Defendants allege, and Plaintiff concedes, the conduct at issue in this case occurred in the City of Killeen.  Defs.' Mot. at 1; Pl.'s Resp. at 1.  Transferring the case to the Waco Division is clearly more convenient under the circumstances.

After considering all the private interest factors raised by the parties, the Court finds they weigh heavily in favor of transfer.  Thus, the Court turns the public interest factors it must weigh in deciding whether to grant a transfer of venue.

### (2) The Public Factors

Although neither Defendants nor Plaintiff raise or discuss any of the relevant public interest factors from *In re Volkswagen*, the Court considers them nonetheless in order to develop the record as fully as possible.  First, because neither party offers any statistics relating to the congestion (or

lack thereof) within either the Austin or the Waco Divisions, the Court finds this factor is neutral. Secondly, the Court finds there is no local interest in having this case decided in Austin.  Austin has no connection to the events in question, nor to Defendants or to any of the potential third-party witnesses.  Although Plaintiff was formerly employed in Austin, her employment does not factor into Austin's local interest; any witnesses or evidence she hopes to use from the Austin area relate to events occurring *after* the incident on May 23, 2008.  *See* Pl.'s Mot.  The City of Killeen, where the incident occurred and where many of the parties and witnesses reside, has a much stronger interest in seeing this case tried in the Waco Division, as it involves citizens of Killeen and the City itself. Third, the Court considers the familiarity of the forum with the law that will govern the case.  This factor is not an issue in this case, as the Austin and the Waco courts undoubtedly have the same familiarity with the federal law, under 42 U.S.C. § 1983, that will govern this case.  Likewise, neither conflicts of law nor the application of foreign law are an issue in this case.. Thus, after weighing all the public factors, the Court finds they weigh heavily in favor of a transfer of venue to the Waco Division.

Thus, considering all the public and private interest factors together, the Court finds transfer of this lawsuit to the Waco Division is clearly appropriate for the convenience of the parties and witnesses.  Defendants have shown good cause as to why the case should be transferred to the Waco Division, as it is undisputed all the events giving rise to the lawsuit occurred in the Waco Division, all the potential third-party witnesses who have been identified reside in the Waco Division, all the records that have been identified as relevant to this case are located in the Waco Division, and all the parties reside in the Waco Division.

### *(3)* *Other Considerations*

The Court notes the Plaintiff's choice of forum is normally a strong factor to consider in resolving venue disputes.  However, "[w]here the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer."  *See Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 677 (E.D. Tex. 2001) (*Robertson v. Kiamichi RR Co., L.L.C.*, 42 F.Supp.2d 651, 656 (E.D. Tex. 1999)).  In other words, deference is "lessened" where the operative facts of the dispute occur outside the plaintiff's chosen forum. *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 383 (W.D. La. 1996).  The Fifth Circuit recently commented, for instance, that a district court's denial of a motion to transfer venue "when the only connection between the case and the plaintiffs' chosen venue was the plaintiffs' choice to file there," was "a clear example of extraordinary errors," including those of "misconstruing the weight of the plaintiffs' choice of venue, treating choice of venue as a § 1404(a) factor, misapplying the relevant factors, disregarding the specific precedents of this Court, and glossing over the fact that not a single relevant factor favored the chosen venue." *In re Beazley Ins. Co.*, 2009 WL 205859 at *6 n. 41 (5th Cir. 2009) (citing *In re Volkswagen II*, 545 F.3d at 318) (internal quotations omitted).

In this case, the Court will refrain from those extraordinary errors delineated by the Fifth Circuit.  The Court has found—based on a thorough review of the record—that not a single private or public interest factor weighs against transfer, and that many weigh in favor of it.  Thus, the Court cannot blindly respect Plaintiff's choice of forum, while ignoring the factors the Fifth Circuit has set forth as relevant to a § 1404(a) determination.  The Fifth Circuit has stated that when a defendant has demonstrated "that the transferee venue is clearly more convenient, it has shown good cause [to override the plaintiff's choice]." *In re Volkswagen II*, 545 F.3d at 315.  Defendants have done so in

this case, and the Court finds there is good cause to override Plaintiff's choice of venue in this instance.

Finally, the Court finds a transfer to the Waco Division is in the interest of justice. "[I]t is well established that the interest of justice is a factor ... to be considered on its own and is an extremely important one." *Chapman v. Dell, Inc.*, 2009 WL 1024635 at *6 (W.D. Tex. 2009) (citation omitted). Plaintiffs present no reason why this transfer would be against the interest of justice, and the Court cannot conceive of one, as the case is in its early stages, and is not related to any other case pending on its docket. Thus, the Court finds a transfer would affirmatively serve the cause of justice by bringing this case into the appropriate division, where many of the parties and witnesses reside and where the events in question took place.

## Conclusion

Because both the private and public interest factors weigh in favor of the transfer and because the transfer is in the interest of justice, the Court finds Defendants' motions to transfer venue should be granted, and this case transferred to the Waco Division of the Western District of Texas.

In accordance with the foregoing,

IT IS ORDERED that Defendants' Motion to Transfer Venue [#4] is GRANTED.

IT IS FURTHER ORDERED that the above-styled and numbered cause is hereby TRANSFERRED to the United States District Court for the Western District of Texas, Waco Division.

SIGNED this the 8th day of July 2010.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

-11-